UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ABEL ORNELAS, | § § | |
| PLAINTIFF | § § § § | |
| v. | § § | CA NO. 7:20-cv-11 |
| CD KING CONSTRUCTION, LLC, AND CHADWICK D. KING, INDIVIDUALLY, | § § § § § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Abel Ornelas brings suit against Defendants CD King Construction, LLC and Chadwick D. King, Individually ("Defendants") and in support would show as follows:

### I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA").  Defendants provide oil, gas and construction services in the Midland Odessa area.  Abel Ornelas ("Ornelas" or "Plaintiff") worked for Defendants as a salaried equipment operator.  Mr. Ornelas, a non-exempt employee, consistently worked more than forty hours per week, but was never paid overtime premiums for such hours.

1.2   Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3   During the course of Plaintiff's employment, Defendants willfully committed violations of

the FLSA by failing to pay Plaintiff overtime premiums for hours worked in excess of forty per work week.

## II. JURISDICTION AND VENUE

2.1 This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2 This Court has personal jurisdiction over Defendant CD King Construction, LLC because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3 Venue is proper in the Western District of Texas, Midland-Odessa Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

**A. Plaintiff**

3.1 Plaintiff Abel Ornelas is an individual residing in Texas.

**B. Defendants**

3.2 Defendant CD King Construction, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas.

3.3 Defendant CD King Construction, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4 Defendant CD King Construction, LLC can be served by serving its registered agent for service of process, Chadwick D. King, at 1300 SW 2nd, Seminole, Texas 79360.

3.5     Defendant Chadwick D. King is the Managing Member of Defendant CD King Construction, LLC.

3.6     Chadwick D. King can be served with process at 1300 SW 2nd, Seminole, Texas 79360.

3.7     At all times relevant to this claim, Defendant Chadwick D. King acted directly or indirectly in the interest of Defendant CD King Construction, LLC in relation to Plaintiff's employment.

3.8     Defendant Chadwick D. King was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

3.9     At all times hereinafter mentioned, Chadwick D. King has exercised managerial responsibilities and substantial control over Defendants' employees, including Ornelas, and the terms and conditions of their employment.  King has the authority to: hire, fire and direct Defendants' employees, including Ornelas; supervise and control the employment relationships and work schedules of Defendants' employees, including Ornelas; set and determine the rate and method of pay of Defendants' employees, including Ornelas; and decide whether Ornelas received overtime compensation.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant CD King Construction, LLC had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiff, within the

meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant CD King Construction, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide oil, gas and construction services in the Midland Odessa area.

5.2     Defendants employed Plaintiff during the three-year period preceding the filing of this Complaint as a salaried equipment operator.

5.3     For all times relevant to this action, Plaintiff's primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

5.4     For all times relevant to this action, Plaintiff's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

5.5     Plaintiff did not have the authority to hire or fire other employees, and his suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

5.6     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.7     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during

his employment with Defendants.

5.8     Plaintiff was required to comply with Defendants' policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendants.

5.9     As the Managing Member of Defendant CD King Construction, LLC, Chadwick D. King independently exercised control over the work performed by Plaintiff.

5.10    Chadwick D. King is responsible for running the day-to-day operations of Defendant CD King Construction, LLC .

5.11    Chadwick D. King, acting directly in the interest of Defendant CD King Construction, LLC, determined the wages to be paid to Plaintiff.

5.12    Chadwick D. King, acting directly in the interest of Defendant CD King Construction, LLC, determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular basis.

5.13    Chadwick D. King, acting directly in the interest of Defendant CD King Construction, LLC, determined the locations where Plaintiff would work.

5.14    Chadwick D. King, acting directly in the interest of Defendant CD King Construction, LLC, determined Plaintiff's hours.

5.15    Chadwick D. King, acting directly in the interest of Defendant CD King Construction, LLC, determined Plaintiff's conditions of employment.

5.16    Chadwick D. King, acting directly in the interest of Defendant CD King Construction, LLC, maintained employment records on Plaintiff.

5.17    Chadwick D. King, acting directly in the interest of Defendant CD King Construction, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.18    Plaintiff was a non-exempt employee under the FLSA.

5.19    Plaintiff normally worked in excess of forty hours per week.

5.20    Although Plaintiff worked more than forty hours per week, Plaintiff has not been paid overtime premiums for any hours worked over forty per week.

## VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     As a non-exempt employee under the FLSA, if Plaintiff worked over forty hours in a workweek, Plaintiff was entitled to overtime pay for such hours.

6.3    Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours per week.

6.4    Even though Plaintiff worked in excess of forty hours per week, Defendants failed to pay Plaintiff overtime premiums for any hours worked in excess of forty per week.

6.5    Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff overtime premiums for all hours worked over forty per workweek.

6.6    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.7    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime compensation for all hours worked over forty in a workweek.

6.8    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such conduct.

6.9     Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Abel Ornelas respectfully prays that Defendants CD King Construction, LLC and Chadwick D. King, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendants, jointly and severally:

a. Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

b. Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

<u>/s/  Douglas B. Welmaker</u>
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**